IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

AARON MICHAEL JONES,        )
                     Plaintiff,    )
                               )
    vs.                   ) Civil Action No. 11-361
                               ) Magistrate Judge Maureen P. Kelly
ROBINSON TOWNSHIP POLICE    )
Department, et al.,                ) Re: ECF Nos. 53, 59, 62, 77
                Defendants.   )

## OPINION & ORDER

**KELLY, Magistrate Judge**

Plaintiff, Aaron Michael Jones ("Jones" or "Plaintiff"), a state prisoner in the custody of the Pennsylvania Department of Corrections, has brought this action against Robinson Township Police Officer Bradley Mermon ("Mermon"), Robinson Township Police Chief Dale Vietmeier ("Vietmeier"), attorney James M. Ecker ("Ecker"), Robinson Township EMS Service ("EMS Service"), and Allegheny General Hopsital ("AGH") (collectively, "Defendants"),[1] alleging that he was falsely arrested, kidnapped under false pretenses, and that Defendants violated the Interstate Agreement on Detainers Act and the First, Sixth and Fourteenth Amendments to the Constitution.  Jones also brings a claim for medical malpractice.  Jones' claims apparently stem from an incident that occurred on April 18, 2010, wherein Jones was the subject of a high speed automobile chase that ended in a collision killing Jones' girlfriend and the driver and passenger of a third party vehicle.

Presently before the Court is a Motion to Dismiss submitted by Defendants Mermon and Vietmeier [ECF No. 53]; a Motion to Dismiss Plaintiff's Amended Complaint submitted by EMS Service [ECF No. 59]; a Motion to Dismiss Pursuant to Rule 12(e) submitted Defendant Ecker [ECF No. 62]; and a Motion to Dismiss Plaintiff's Amended Complaint Pursuant to F.R.C.P.

---

[1] Although other defendants were named in the Amended Complaint, they have since been dismissed from the suit.

12(b)(6) submitted by Defendant AGH [ECF No. 77].  For the reasons that follow, all four

Motions will be granted.

## I.      FACTUAL AND PROCEDURAL BACKGROUND

Although the Amended Complaint is not a model of clarity, it appears that Jones left a

hotel located in Kennedy Township, Pennsylvania, at 12:58 a.m. on April 18, 2010.  ECF No. 16

at p. 5.  While waiting at a traffic light he observed a black Crown Victoria sedan drive past him

and circle around at a slow rate of speed in an effort to see who was in Jones' car.  When the light

changed, the black Crown Victoria came up behind Jones causing him to become suspicious that

he was being followed.  Id.  Jones consequently pulled into a gas service station and waited for

an officer to approach.  When nothing happened, Jones asked his passenger what the individual

was doing and she replied that the individual had a gun aimed at them.  Id.  Jones then

"immediately pulled off" and, although not expressly stated in the Amended Complaint, it

appears that a chase ensued which ended in a deadly collision.  Id.  Jones complains that

Mermon, who was apparently driving the black Crown Victoria, "was not performing a traffic

stop," "did not use a siren," "didn't allow [Jones] to slow down to stop once [Mermon] chased

[him]," [knew] exactly who [he] was before the chase" contrary to Mermon's statement, and

threatened his safety as well as that of the public.  Id. at pp. 5-6.

With respect to Defendant Vietmeier, Jones alleges that Vietmeier made a "false public

statement" against him "to clear his department of wrongdoing of following a suspect within city

limits endangering the public."  Id. at p. 6.  Jones also claims that the Robinson Police

Department knew he was driving the car "and did not alert the U.S. Marshal Service and

endangered the public. Causing two deaths."  Id.

In addition, Jones alleges that on April 18, 2010, Defendant Ecker was hired to represent him on the pending charge "thought to be vehicular homicide." Id. at p. 12.  In October of 2010, having failed to hear from Ecker, Jones' father contacted Ecker and was told that Ecker had nothing to report on the case, that it was still pending and that the prosecutor had not yet filed charges.  Ecker then informed Jones in December of 2010 that the Commonwealth of Pennsylvania had, in fact, filed vehicular homicide charges against him.  Id.  Jones alleges that Ecker told Jones' father that he had a "working relationship with the prosecutor." Id.

The remainder of Jones' allegation as they pertain to Mr. Ecker are unclear.  He states that if it was true that Ecker had a working relationship with the prosecutor that "he should know that the filing date of July 28, 2010 is a lie and is false." Id.  Jones also appears to suggest that he was schedule for a preliminary hearing on January 14, 2011, without having been arraigned first, and that Ecker did not know what Jones had been charged with when they appeared for the hearing.  He then states that "the state learned of their mistake" and he was taken to be arraigned. Id. at pp. 12-13.  Jones also states that:

> there was no test or toxicology report done.  So then out of nowhere the state postpones the preliminary hearing to get a almost 9 month old test results. . . . the DUI charges were dropped by a so called deal by Mr. Ecker but I asked to see my discovery packet in which I believe it would've shown I was given the hospital drugs that were supposed to be in my system.

Id. at p. 13.  Jones concludes that "Ecker was working against [him] giving the State tips helping them which makes him ineffective counsel at the very least."  Jones contends that Ecker had a "gross intent" to injure him and his family and that Ecker took his family's money fraudulently. Id.

Jones also contends that AGH violated federal law by telling his family to come visit him while he was in the hospital but then told them that Jones could not have visitors.  Id. at p. 14.

3

Jones alleges that he was given pain killers for his injuries while at AGH but that his medical records do not reflect that or the fact that he suffered an injury.   This, coupled with Jones' contention that he was not given proper medical care for his broken wrist, allegedly caused Jones "unnecessary charges and jail injury."   Id.

Jones also maintains in the Amended Complaint that he repeatedly asked the EMS Service team that arrived at the scene of the accident to attend to his girlfriend first but was told it had to clear the scene and that it was concerned that Jones was armed.   Id.   Notwithstanding that Jones allegedly told the team that he was not armed and cuffed himself with a pair of his own handcuffs, the EMS team pulled Jones out of the wreck first and his girlfriend subsequently died.   Id.

Jones initiated this action on March 21, 2011, by filing a Motion for Leave to Proceed in forma pauperis.   ECF No. 1.   The Complaint was filed on April 6, 2011, ECF No. 5, and on April 26, 2011, Jones filed an Amended Complaint, ECF No. 16, in which he named ten defendants.   All but five of those Defendants have previously been dismissed from the case. Those defendants that remain have each filed a Motion to Dismiss which are now ripe for review.

## II.   STANDARD OF REVIEW

In Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), the United States Supreme Court held that a complaint is properly dismissed under Fed. R. Civ. P. 12(b)(6) where it does not allege "enough facts to state a claim to relief that is plausible on its face."   Id. at 570.   In assessing the sufficiency of the complaint, the Court must accept as true all allegations in the complaint and all reasonable factual inferences must be viewed in the light most favorable to the plaintiff.   Odd v. Malone, 538 F.3d 202, 205 (3d Cir. 2008).   The Court, however, need not

accept inferences drawn by the plaintiff if they are unsupported by the facts as set forth in the complaint.  See California Public Employees' Retirement System v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004), citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997).  Nor must the Court accept legal conclusions set forth as factual allegations; rather, "[f]actual allegations must be enough to raise a right to relief above the speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. at 555, citing Papasan v. Allain, 478 U.S. 265, 286 (1986).  See  Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008) (finding that, under Twombly, "labels, conclusions, and a formulaic recitation of the elements of a cause of action" do not suffice but, rather, the complaint "must allege facts suggestive of [the proscribed] conduct" and that are sufficient "to raise a reasonable expectation that discovery will reveal evidence of the necessary element[s] of his claim").[2]

## III.    DISCUSSION

Plaintiff does not specifically mention the Civil Rights Act, 42 U.S.C. § 1983, in his Amended Complaint.  Because, however, he is apparently seeking to vindicate his constitutional rights and he does not have a cause of action directly under the Constitution, a liberal reading of the Amended Complaint requires the Court to construe his Complaint as one invoking the Court's jurisdiction pursuant to 42 U.S.C. § 1983.  See, e.g., Arpin v. Santa Clara Valley Transp. Agency, 261 F.3d 912, 925 (9th Cir. 2001) ("a litigant complaining of a violation of a constitutional right does not have a direct cause of action under the United States Constitution

---

[2] Jones has responded to three of the four pending motions stating that he is unable at this time to provide the Court with affidavits, deposition testimony, answers to interrogatories and admissions to support his claims.  Jones, however, is not obligated at this point in the proceedings to provide evidence to prove his allegations as he would be at the summary judgment stage.  Rather, the question at this juncture is whether Jones has set forth sufficient facts in the Amended Complaint to state a legally viable claim against Defendants and whether he should be entitled to submit evidence against them.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

but must utilize 42 U.S.C. § 1983"); <u>Pauk v. Board of Trustees of City University of New York</u>, 654 F.2d 856 (2d Cir. 1981) (where a federal statute governing a civil action for deprivation of rights provides a remedy, *i.e.*, 42 U.S.C. § 1983, an implied cause of action grounded on Constitution is not available), <u>overruling</u> <u>on</u> <u>other</u> <u>grounds</u> <u>as</u> <u>recognized</u> <u>in</u>, <u>Brandman v. North Shore Guidance Center</u>, 636 F.Supp. 877, 879 (E.D.N.Y. 1986). In order to establish a Section 1983 cause of action, a plaintiff must allege: 1) that there was a person acting under color of state law; 2) whose actions under color of state law caused him to be deprived of rights, privileges, or immunities secured by the Constitution or laws of the United States. <u>West v. Atkins</u>, 487 U.S. 42 (1988).

## A.      Mermon and Vietmeier's Motion

Defendants Mermon and Vietmeier initially argue that the Amended Complaint should be dismissed against them pursuant to Rule 12(e) because Jones has failed to meet the pleading requirements of Fed. R. Civ. P. 8.[3]

A motion filed pursuant to Fed. R. Civ. P. R. 12(e), however, permits the Court to order a more definite statement of a pleading that is "so vague or ambiguous that a party cannot reasonably prepare a response;" it does not provide for dismissal of the deficient pleading. Nevertheless, in responding to Defendants' Motion, Jones has included new averments, not included in the Amended Complaint, in an attempt to cure the deficiencies complained of by Defendants. ECF No. 82. Although normally, a plaintiff may not cure the deficiencies in a complaint in a response to a motion to dismiss, <u>Commonwealth of Pa. ex. rel. Zimmerman v.</u>

---

[3] Rule 8(a) provides in pertinent part: "(a) **Claim for Relief**. A pleading that states a claim for relief must contain: (1) a short plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."

Pepsico, Inc., 836 F.2d 173, 181 (3d Cir.1988), under these circumstances it appears prudent to consider the new assertions raised by Jones as a More Definite Statement of his Amended Complaint.  It therefore follows that, to the extent Jones has failed to cure the deficiencies, dismissal of the claims brought against Mermon and Vietmeier is the appropriate relief.  Indeed, although they have not cited to Fed. R. Civ. P. 12(b)(6), Defendants have argued in their reply brief that dismissal is warranted under Twombly.  ECF No. 88.  As such, the Court has not only considered the new averments submitted by Jones in his Response to Defendants' Motion to Dismiss, but has treated Defendants' Motion as one filed pursuant to Fed. R. Civ. P. 12(b)(6).

Jones has alleged in the Amended Complaint that Defendants violated the following federal laws:

> Violations of the Interstate Agreement on Detainers Act, False Arrest, violation of 1st Amendment [.] Filing of an (sic) false Police complaint and it (sic) falsehood of the incorrect backdated filing date. Medical malpractice (sic) a false medical report, not following the medical first responders help regulations, refusing to help a dying victim by medical personel (sic). Violations of the 6th and 14th Amendment rights. Kidnapping of a Federal Prisoner under false pretenses under the redress of the color of the law. A complete miscarriage (sic) of justice in (sic) my due process rights under the law.

ECF No. 16, Section III, pp. 3-4.  He also alleges in his Response to Defendants' Motion to Dismiss that Mermon used deadly force to stop him in violation of his Fourth Amendment rights.  ECF No. 82 at p. 2.  To support his claims, Jones alleges that after he "pulled off" from the service station Mermon pursued him in a high speed chase that ended in a deadly collision.  ECF Nos. 16 at p. 5; 82 at p. 1.  Jones complains that Mermon was not performing a traffic stop, did not use a siren, and "ran [his] registration" so that he knew who Jones was before the chase.  Jones also alleges that Vietmeier made a "false public statement" against him and that both Mermon and Vietmeier "presented . . . a cover-up theory and criminal complaint" against him.

ECF Nos. 16 at pp. 5-6; 82 at p. 2.  These facts, however, fail to state a claim against either of these Defendants.

The mere fact that a police chase took place and that it ended tragically, does not in and of itself suggest that Mermon engaged in unreasonable conduct or state a claim under the Fourth Amendment.[4]  Indeed, as argued by Defendants, Jones has failed to allege any facts suggesting what occurred prior to, during, or after the chase, why he was being pursued or how the collision occurred.  Absent such facts, any right to relief under Section 1983, would be purely speculative.

Moreover, Jones has utterly failed to provide any facts relative to his claim that Defendants fabricated a "cover-up" story and that Vietmeier made a false public statement. Jones has not identified the fabricated statement, to whom it was made or in what manner it was false.  Nor has he alleged what federal laws or constitutional rights have been violated as a result. Under these circumstances, Jones has failed to allege facts suggestive of a Fourth Amendment violation or that are sufficient to raise the right to relief on these claims above the speculative level.  As such, the claims brought against Defendants Mermon and Vietmeier are properly dismissed with prejudice.[5]

## B.     The EMS Service's Motion

As previously discussed, with respect to Defendant EMS Service, Jones has alleged in the Amended Complaint that he repeatedly asked the EMS Service team to attend to his girlfriend first but was told that it had to clear the scene voicing some concern that Jones was armed.  Jones

---

[4] The Fourth Amendment provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated . . . ."  U.S.C.A. Const. Amend. 4.

[5] Although Jones has referred to the First, Sixth and Fourteenth Amendment in the Amended Complaint as having been violated, he has not alleged what specific rights under these amendments were infringed or any facts from which it could be inferred that Mermon's and Vietmeier's conduct ran afoul of their proscriptions.  Thus, to the extent that Jones intended to bring these claims against Mermon and Vietmeier, they too must fail.

allegedly told the team that he was not armed and took out pair of his own handcuffs and cuffed

himself, telling the EMS Service team to let him die and to assist his girlfriend instead.  The

EMS team, however, pulled Jones out first and his girlfriend subsequently died.

These assertions, however, are insufficient to state a viable claim against EMS Service.

Jones has not only failed to indicate what federal law or constitutional right may have been

abridged by EMS Service's actions but he has failed to set forth any facts that would even

remotely suggest that EMS Services' conduct violated his civil rights.

Indeed, it appears that Jones' complaint against EMS Services is one of medical

negligence in its treatment of his girlfriend.  Jones clearly lack standing to bring such negligence

claim, as the injury complained of was suffered by his girlfriend and not him.  Further, such a

claim arises under state law.  See Weiner v. Bank of King of Prussia, 358 F. Supp. 684, 690

(E.D. Pa. 1973).   Where all claims over which the court has original jurisdiction -- *i.e.*, those

that arise under federal law -- have been dismissed, however, the district court may decline to

exercise supplemental jurisdiction over the remaining claims.  28 U.S.C. § 1367(c)(3).  Although

declining to exercise jurisdiction is within the discretion of the district court, the United States

Court of Appeals for the Third Circuit has held that absent extraordinary circumstances the court

should decline to exercise pendent jurisdiction where the federal claims are no longer viable.

Bright v. Westmoreland Cnty., 380 F.3d 729, 751 (3d Cir. 2004).  Because, as discussed *infra*,

Jones' remaining claims that purport to arise under federal law are properly dismissed, and there

does not appear to be any extraordinary circumstances surrounding this case that would warrant

the exercise of supplemental jurisdiction over Jones' remaining state law claim of medical

negligence, it too is properly dismissed.[6]

     **C.**    **Ecker's Motion**

     Defendant Ecker, like Defendants Mermon and Vietmeier, has also filed a Motion

Pursuant to Rule 12(e), arguing that Jones' Amended Complaint is vague and ambiguous, yet

asks only that the claims brought against him be dismissed -- relief not contemplated by Rule

12(e).   Rather, where the factual allegations in a complaint are found to be vague and ambiguous

under Rule 12(e) the court may require the plaintiff to file a more definite statement.  This

notwithstanding, because the Court, exercising its powers under the Prison Litigation Reform

Act ("PLRA"), 28 U.S.C. § 1915, finds that Jones' claims against Ecker are properly dismissed

pursuant to in <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994), it need not address Mr. Ecker's motion at

all.

---

[6] The Court notes, however, that even if it were to exercise supplemental jurisdiction over Jones' medical negligence claim, it would nevertheless be dismissed as EMS Service is entitled to immunity under the Emergency Medical services System Act ("EMSA"), 35 Pa. Cons. Stat. §8101 *et seq.*, which provides that "[n]o EMS agency . . . which in good faith attempts to render or facilitate emergency care . . . shall be liable for civil damages as a result of an act or omission, absent a showing of gross negligence or willful conduct. 35 Pa. Cons. Stat. §8151(2).   Because Jones has not alleged any facts in the Amended Complaint that would permit a finding that EMS Service was grossly negligent in rendering emergency medical care, EMS Service is entitled to immunity.  <u>See</u> <u>Albright v. Abington Memorial Hospital</u>, 696 A.2d 1159, 1164 (Pa. 1997), quoting <u>Bloom v. DuBois Regional Medical Center</u>, 597 A.2d 671, 679 (Pa. Super. 1991) ("Gross negligence" has been defined by the Pennsylvania Supreme Court as "a form of negligence where the facts support substantially more than ordinary carelessness, inadvertence, laxity, or indifference.  The behavior of the defendant must be flagrant, grossly deviating from the ordinary standard of care"). Further, Jones contention that EMS Service's conduct was "flagrant" because it falsely stated that it had to clear the scene because it believed that Jones was armed when, in fact, it was the law enforcement personnel that made the statement that the scene had to be cleared does not alter the Court's conclusion.  Not only does the significance of the alleged falsity escape the Court, but even if the statement was made by law enforcement personnel and not EMS Service, it does not negate the fact that was, in fact, made, and that it was believed that Jones was armed and that the scene had to be cleared.  Nor does the fact that EMS Service may have falsely claimed to have made the statement appear to have any impact on the treatment it provided or its judgment regarding whom to treat first.  Because EMS Service's allegedly false statement does not speak to its conduct in providing emergency medical care, it does not serve to circumvent the immunity to which it is entitled in rendering that care.  Jones, therefore, not only has not, but cannot, state a claim against EMS Service, and the Amended Complaint as to it is properly dismissed as against it with prejudice.

Congress adopted the PLRA in an effort to curb the increasing number of often frivolous and harassing lawsuits brought by persons in custody.  See Santana v. United States, 98 F.3d 752, 755 (3d Cir. 1996).  With respect to prisoners who have been granted leave to proceed *in forma pauperis* ("IFP"), the statute provides that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that: (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2).

Here, not only has Jones been granted leave to proceed IFP but it is clear he is a prisoner within the meaning of 28 U.S.C. § 1915.[7]  Thus, the PLRA applies and the Court is not only permitted to *sua sponte* dismiss Jones' complaint if it fails to state a claim, but it is required to do so by the mandatory language of "the court shall dismiss" utilized by Section 1915(e).  See Keener v. Pennsylvania Board of Probation and Parole, 128 F.3d 143, 145 n. 2 (3d Cir. 1997) (describing 28 U.S.C. § 1915(e)(2)(B) as "the PLRA provision mandating *sua sponte* dismissal of *in forma pauperis* actions that are frivolous or fail to state a claim.").  See also Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) ("It is also clear that section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim").  Moreover, in reviewing the sufficiency of the allegations in a complaint under 28 U.S.C. § 1915(e), the standard applicable to motions filed pursuant to Rule 12(b)(6) applies. See, e.g., Powell v. Hoover, 956 F. Supp. 564, 568 (M.D. Pa. 1997) (applying Rule 12(b)(6) standard to claim dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii)).

---

[7] The term "prisoner" as used in Section 1915 means "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h).

As previously discussed, the gist of Jones' complaints against Ecker is that he conspired with the Commonwealth of Pennsylvania and rendered ineffective assistance of counsel in order to get Jones to enter a guilty plea.  The United States Supreme Court, however, has held that claims which indirectly attack the validity of a conviction via a civil rights suit are barred unless the conviction has, in effect, been overturned.  Heck v. Humphrey, 512 U.S. 477 (1994).

In Heck, a state prisoner convicted of voluntary manslaughter brought a civil rights action against prosecutors and a police investigator, asserting that the defendants, acting under color of state law had engaged in an unlawful, unreasonable and arbitrary investigation, leading to Heck's arrest.  Heck alleged that the defendants had knowingly destroyed evidence that could have proven his innocence and caused an illegal voice identification procedure to be used at his state trial. Heck, 512 U.S. at 479.  The United States Supreme Court rebuffed such an effort and held that:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a §1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.  *Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.*

Id. at 486-87 (footnotes omitted) (emphasis added).  Thus, where resolution of an action brought pursuant to § 1983 would impact the validity of a criminal conviction or sentence, it is properly dismissed.

12

In the instant case, success in establishing that Ecker rendered constitutionally ineffective assistance of counsel relative to Jones' guilty plea would necessarily call his conviction and/or sentence into question.  Thus, under <u>Heck</u>, Jones' claims are not cognizable in this civil rights action unless and until his convictions is invalidated pursuant to some sort of independent legal judicial or executive proceeding.[8]  <u>See</u>, <u>e.g.</u>, <u>Sarlund v. Anderson</u>, 205 F.3d 973, 975 (7th Cir. 2000) ("Many of the plaintiff's claims are barred by the *Heck* doctrine, because if sound they imply the invalidity of the plaintiff's conviction for contempt . . . ."); <u>Stawarz v. Rojas</u>, 2007 WL 1653742 at *4 (W.D. Pa. June 6, 2007) ("If Plaintiff were successful in his claims in the complaint that during the course of Plaintiff's criminal proceedings the Defendants failed to communicate with him at all and/or had a conflict of interest, then these claims would necessarily call Plaintiff's conviction into question").   As such, Jones' claims against Defendant Ecker are properly dismissed with prejudice.

>    **D.**    **AGH's Motion**

Finally, AGH has filed a Motion to Dismiss Plaintiff's Amended Complaint Pursuant to F.R.C.P. 12(b)(6), arguing that Jones has not only failed to file a certificate of merit as is required under Pennsylvania law to bring a medical malpractice claim, but that he has otherwise failed to allege facts suggesting that AGH's actions rose to the level of a constitutional violation or ran afoul of federal law.

As previously discussed, the extent of Jones' allegations against AGH are that it told his family to come visit him but then turned them away; that his hospital medical records were false

---

[8] The Court takes judicial notice of the fact that Jones' guilty plea, which he entered on June 6, 2011, to, amongst other charges, two counts of Involuntary Manslaughter, 18 Pa. C.S. § 2504, and one count of Fleeing or Attempting to Elude Police Officer, 75 Pa. C.S. § 3733, has not been invalidated through any judicial or executive proceeding. <u>See</u> http://ujsportal.pacourts.us/DocketSheets/CPReport.aspx?docketNumber=CP-02-CR-0003894-2011.

in that they failed to reflect that he was given pain medication or that he had an injury; and that

he was not given proper medical care for his broken wrist.   The Court agrees with AGH that

these assertions are insufficient to suggest that it violated Jones' civil rights.   Not only has he

failed to identify what federal law or constitutional provision he believes AGH violated but these

facts, at best, provide the basis for a medical malpractice claim under state law.   Having

dismissed all of Jones' claims over which the Court has original jurisdiction, however, the Court,

as before, declines to exercise supplemental jurisdiction over his remaining state law claims.   28

U.S.C. § 1367(c)(3).   See Bright v. Westmoreland Cnty., 380 F.3d at 751.   Thus, Jones' claims

brought against AGH are dismissed with prejudice as well.

## IV.   CONCLUSION

Based on the foregoing, the Court finds that Jones has failed to state a claim against any

of the moving Defendants and that their Motions are properly granted.   Moreover, although the

United States Court of Appeals for the Third Circuit has held that when dismissing a civil rights

case for failure to state a claim, a court must give the plaintiff an opportunity to amend the

complaint whether or not the plaintiff has asked to do so, the Court is not required to allow an

amended complaint to be filed where it would be inequitable or futile.   See Fletcher–Harlee

Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007), citing Alston v.

Parker, 363 F.3d 229, 235 (3d Cir. 2004).   Here, Jones has already attempted to provide the

Court with a more definite statement of his claims against Mermon and Vietmeier and is barred

from bringing his claims against Ecker or EMS Service.   As well, given the allegations that Jones

has brought against AGH, it appears that he is unable to allege sufficient facts that would give

rise to a civil rights violation.   Hence, allowing him to file another amended complaint would be

futile and the Court declines to do so.

14

AND NOW, to wit, this 12th day of March, 2012, IT IS HEREBY ORDERED that the Motion to Dismiss submitted by Defendants Mermon and Vietmeier [ECF No. 53] is GRANTED; the Motion to Dismiss Plaintiff's Amended Complaint submitted by the EMS Service [ECF No. 59] is GRANTED; the Motion to Dismiss pursuant to Rule 12(e) submitted Defendant Ecker [ECF No. 62] is GRANTED; and the Motion to Dismiss Plaintiff's Amended Complaint Pursuant to F.R.C.P. 12(b)(6) submitted by Defendant AGH [ECF No. 77] is GRANTED.

BY THE COURT,


/ s/ Maureen P. Kelly
United States Magistrate Judge


cc:     AARON MICHAEL JONES
        KJ2096
        SCI Camp Hill
        PO Box 200
        Camp Hill, PA 17001

        All counsel of record via CM/ECF